IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      v.                               CRIMINAL NO. 2:09CR9

JOHN MICHAEL SPAUR,
          Defendant.

## ORDER/OPINION

It shall be recalled that on July 7, 2009, Defendant, through counsel, 24, 2009, filed a Motion to Dismiss [Docket Entry 28]; Motion for Discovery [Docket Entry 27]; and Motion to Disclose Matters Occurring Before the Grand Jury [Docket Entry 29]. On July 24, 2009, counsel for the government filed a motion for a hearing to determine the mental competency of the defendant [Docket Entry 31]. In an Order entered July 24, 2009, the Court granted the United States' motion and ordered defendant committed to the custody of the Attorney General for the purpose of conducting a psychiatric and psychological examination of the defendant pursuant to 18 U.S.C. §§ 4241 and 4242, for the purpose of determining whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense and whether Defendant lacks criminal responsibility due to mental disease or defect.

In that same Order, the undersigned HELD IN ABEYANCE Defendant's Motion to Dismiss [Docket Entry 28]; Motion for Discovery [Docket Entry 27]; and Motion to Disclose Matters Occurring Before the Grand Jury [Docket Entry 29] pending the results of the evaluation and subsequent hearing to determine Defendant's Mental Competency to Stand Trial.

Following receipt of reports from the United States Department of Justice Federal Bureau of Prisons Metropolitan Correctional Center in New York, New York, Chief United States District

Judge John P. Bailey entered an Order finding that Defendant was suffering from a mental disease rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him. The Court ordered Defendant committed to the custody of the Attorney General to determine whether there was a substantial probability that in the foreseeable future Defendant would attain the capacity to permit the proceedings to go forward.

On August 24, 2010, Chief Judge Bailey entered an order finding Defendant competent to stand trial, and set trial for October 4, 2010 [Docket Entry 56].

The undersigned therefore finds no more impediment to resolution of Defendants' pretrial motions.

**Motion to Dismiss [Docket Entry 28].**

As grounds for his Motion to Dismiss the indictment in this matter, Defendant notes that, on or about June 15, 2009, a report from a Forensic Psychiatric Evaluation, performed by Bobby Miller, M.D., concluded that Defendant possesses a mental disease or defect that renders him unable to consult with or assist his lawyer, and generally has an apparent lack of competence to stand trial. Defendant's counsel also states that he cannot adequately prepare for trial given Defendant's current situation; that Defendant may lack criminal responsibility in this matter; that substantial prejudice would immure to Defendant if the matter were to proceed to trial; that Defendant needs to be receiving medical and psychiatric care which he cannot receive in the Regional Jail or Bureau of Prisons; and that Defendant has the means to acquire medical and psychiatric treatment if released from custody.

The undersigned finds that the Court's Order of August 27, 2010, moots the defendant's Motion to Dismiss on the basis of competency to stand trial. The undersigned has already construed the Motion to Dismiss due to possible lack of criminal responsibility as a notice of insanity defense

pursuant to F.R.Crim.P. 12.2 (a) and (b).

Upon consideration of all which, the undersigned finds Defendant's Motion to Dismiss filed July 7, 2009 [Docket Entry 28] should be, and hereby is **DENIED AS MOOT**.

**Motion to Disclose Matters Occurring Before the Grand Jury [Docket Entry 29].**

In his Motion to Disclose Matters Occurring Before the Grand Jury, Defendant requests the Court order disclosure of matters occurring before the grand jury. In support of his motion, Defendant asserts that "matters which occurred before the grand jury may constitute grounds for dismissal of the indictment. Further, Defendant requires the transcript for purposes of impeachment and cross examination of the Government's witnesses."

Fed.R.Cr.P. 6(e) provides for the secrecy of grand jury materials. Although Defendant cited Rule 6(3)(I), that rule does not exist in the Federal Rules of Criminal Procedure. The language of Defendant's request, however, mirrors that of 6(e)(2)(E)(ii). Pursuant to 6(e)(2)(E)(ii), the court may authorize disclosure of grand jury matters at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. Granting such a request is within the sound discretion of the court. See United States v. Walczak, 783 F.2d 852 (9th Cir. 1986)(cited by United States District Judge Frederick P. Stamp in U.S. v. Smith, WL 1794723 (N.D.W.Va. 2009). Disclosure of grand jury materials is permissible when: (1) the materials are needed to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request for disclosure is structured to cover only material so needed. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211 (1979). Accord U.S. v. Coughlan, 842 F.2d 737 (4th Cir. 1988); and In re Grand Jury Proceedings, 800 F.2d 1293 (4th Cir. 1986).

The party seeking disclosure of grand jury material has the burden of showing what is now

commonly called a "particularized need."  See, e.g., United States v. Sells Engineering, Inc., 463 U.S. 418 (1983); In re Grand Jury Proceedings, 800 F.2d at 1298-99; United States v. Silva, 745 F.2d 840 (4th Cir. 1984); and Bast v. United States, 542 F.2d 893 (4th Cir. 1976).  However, the "mere possibility" of impeaching a witness is not sufficient to show a particularized need.  United States v Chase, 372 F.2d 453 (4th Cir. 1967).

The undersigned finds the defendant in this matter has not met his burden of showing a "particularized need" for the materials requested.

The United States advises in its Response to the Motion, that Defendant's counsel is welcome to view the excerpts of Rule 26.2 statements of cooperating witnesses, and that copies of discovery materials, excluding those statements have already been produced to defense counsel.  Because Defendant has made the motion, however, pursuant to Rule 26.2, after a witness has testified on direct examination, any such statements that relates to the subject matter of that witness's testimony must be produced to the defense.

For all the above reasons, Defendant's Motion to Disclose Matters Occurring Before the Grand Jury [Docket Entry 29] is **DENIED**.

The Court notes, however, that the United States further avers that it "will obviously comply with this Court's scheduling order(s), Rule 26.2 and Title 18, United States Code, Section 3500." Pursuant to this Court's usual scheduling order, the Court **ORDERS** 18 U.S.C. 3500 materials to be produced fourteen (14) days before trial.

**Motion for Discovery [Docket Entry 27]**

In his Motion for Discovery, Defendant moves the court for an Order granting him permission to inspect, copy, and photograph the following Rule 16 materials: Statement of Defendant; Defendant's Prior Record; Documents and tangible objects; Reports of Examinations

and Tests; and List of State witnesses and prior convictions of such witnesses. Pursuant to the original Scheduling Order in this case, such information was to be produced by the United States on or before May 8, 2009. Due to the continuance of this matter, and in an abundance of caution, the Court **ORDERS** any Rule 16 materials not already produced to be produced no later than seven (7) days from entry of this Order.

Defendant also moves the Court to require the United States to produce:

Any evidence which may have a tendency to exculpate the Defendant (<u>Brady</u> material); Any evidence which may be relevant and favorable to the Defendant; Any evidence of uncharged crimes, wrongs or acts allegedly committed by the Defendant which the Government intends to introduce; The terms of all plea bargains or special consideration offered by the government to any witness who will be called in the trial of this case; The names and addresses of all person who have furnished the Government with information concerning this case or who possess knowledge of the facts and circumstances of the Charge; The names of all witnesses who testified at grand jury; All investigative reports prepared by the government and all witness' statements in the Government's possession, which relate to the indictment; Any statements of co-conspirators of the Defendant which the Government intends to introduce; Any evidence of "flight" of the Defendant which the Government intends to use to demonstrate guilty conscience or knowledge; and the names and addresses of all witnesses who were parties to pre-trial identification procedures use to identify the defendant.

The undersigned believes that disclosure of the above-listed evidence is provided for by the Local Rules of Criminal Procedure. In particular:

All <u>Brady</u> material was to be disclosed at the time of the 16.01 disclosures. Therefore, as above, if the Government has not disclosed such materials, the Court **ORDERS** it to be produced

no later than seven (7) days from entry of this Order.

All Rule 404(b), Giglio and Rovario Evidence shall be produced, in accord with the Local Rules of Criminal Procedure 16.06, no later than fourteen (14) days before trial.

In accord with L.R.Cr.P. 16.07 both parties shall file and serve a list of probable witnesses and possible witnesses, including the full name and address of each witness and a brief statement of the subject matter to be covered by each witness.  The parties shall also file and serve a list of exhibits to be offered at trial by the same date, as provided in L.R.Cr.P. 16.08.

The Court notes that the United States failed to respond to Defendant's motion.  Therefore, in the event that any of the above evidence is not covered by the Local Rules and has not already been produced, the United States is **ORDERED** to produce such materials no later than fourteen (14) days before trial.

For docketing purposes, Defendant's Motion to Dismiss [Docket Entry 28] is **DENIED as Mooted** by the Court's previous Order**;** Defendant's Motion for Discovery [Docket Entry 27] is DENIED as **Mooted** by the Federal Rules of Criminal Procedure, the Local Rules of Criminal Procedure, and this Court's Scheduling Order; and Defendant's Motion to Disclose Matters Occurring Before the Grand Jury [Docket Entry 29] is **DENIED**.

The Clerk is directed to transmit copies so this order to counsel of record.

DATED: September 1, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE